IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NICHOLAS A. GHAPHERY, D.O.,

Plaintiff,

v. Civil Action No. 5:11CV37 (STAMP)

WHEELING HOSPITAL, INC. and
BELMONT COMMUNITY HOSPITAL, INC.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING THE PLAINTIFF'S MOTION TO REMAND;**
**DENYING AS MOOT THE PLAINTIFF'S MOTION TO STAY**
**AND ALTERNATIVE MOTION FOR ENLARGEMENT OF TIME TO FILE**
**RESPONSES TO MOTIONS TO DISMISS PENDING THE**
**DETERMINATION OF PLAINTIFF'S MOTION TO REMAND;**
**DENYING AS MOOT THE DEFENDANTS' MOTION FOR RECONSIDERATION**
**OF THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION TO STAY**
**AND ALTERNATIVE MOTION FOR ENLARGEMENT OF TIME**
**TO FILE RESPONSES TO MOTIONS TO DISMISS;**
**DENYING AS MOOT THE DEFENDANTS' MOTION TO STAY DISCOVERY;**
**DENYING WITHOUT PREJUDICE DEFENDANT**
**BELMONT COMMUNITY HOSPITAL, INC.'S MOTION TO DISMISS;**
**AND DENYING WITHOUT PREJUDICE DEFENDANT**
**WHEELING HOSPITAL INC.'S MOTION TO DISMISS**

## I. Procedural History

The plaintiff filed this civil action in the Circuit Court of Ohio County, West Virginia against the above-named defendants alleging termination of employment in contravention of substantial public policy by defendant Belmont Community Hospital, Inc. and accomplice liability and tortious interference against defendant Wheeling Hospital, Inc. The defendants then filed a notice of removal in this Court based upon diversity jurisdiction. The plaintiff then filed a motion to remand to which defendant Belmont

Community Hospital responded. The plaintiff then filed a reply. In addition, each defendant filed a motion to dismiss. The plaintiff filed a motion to stay and an alternative motion for an enlargement of time to file responses to the motions to dismiss pending the determination of the plaintiff's motion to remand. Because the defendants had not had an opportunity to respond to the motion to stay, this Court then entered an order staying the plaintiff's response to the motions to dismiss until this Court ruled on the plaintiff's motion to stay. On the same day this Court entered the order staying the plaintiff's response, the defendants filed a motion for reconsideration, mistakenly believing that this Court had granted the plaintiff's motion. The defendants filed a motion to stay discovery pending resolution of the pending motions to dismiss.

Having reviewed the parties' pleadings and the relevant law, this Court finds that diversity jurisdiction does not exist. Accordingly, the plaintiff's motion for remand must be granted.[1] Further, the defendants' motions to dismiss are denied without

[1]Because this Court grants the plaintiff's motion to remand, the plaintiff's motion to stay and alternative motion for enlargement of time to file responses to motions to dismiss pending the determination of plaintiff's motion to remand, the defendants' motion for reconsideration of the Court's order granting plaintiff's motion to stay and alternative motion for enlargement of time to file responses to motions to dismiss, and the defendants' motion to stay are denied as moot.

prejudice to refiling in the Circuit Court of Ohio County, West Virginia.

## II. Facts

The plaintiff was hired to serve as the Medical Director of Belmont Community Hospital's Rehabilitation Unit and a doctor in July 2006. In the fall of 2009, the plaintiff advised Belmont Community Hospital that he believed its managerial and administrative staff and Wheeling Hospital's managerial and administrative staff were attempting to refer, transfer, and admit patients to the Rehabilitation Unit in contravention of Medicare regulations and that the administrative personnel of both defendants were directing patient flow to the Rehabilitation Unit in violation of Medicare regulations. The plaintiff states that in January 2010, when Medicare regulations became more stringent, he objected to and refused to participate in the defendants' "unlawful and fraudulent practices" of transferring patients to the Rehabilitation Unit and advised the defendants of his suspicion of violations. Belmont Community Hospital discharged the plaintiff on February 5, 2010.

## III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between

citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity. See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined. Id. "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id. When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. Rinehart v. Consolidation Coal Co., 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

## IV. Discussion

In its pleadings in support of remand, the plaintiff argues that diversity jurisdiction is absent because the parties are not

completely diverse. The defendants, in their response, contend that the plaintiff fraudulently joined non-diverse defendant Wheeling Hospital to defeat diversity jurisdiction.

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendant. Marshall, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Id. at 232-233 (citations omitted). "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley, 187 F.3d at 426 (emphasis added). Therefore, in order to successfully prove fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged any possible claim against the co-defendant. Rinehart, 660 F. Supp. 2d at 1141. A non-diverse party named in the state court

action may be disregarded for determining diversity of citizenship when the party's joinder is fraudulent. Mayes, 198 F.3d at 461.

Here, the defendants do not allege outright fraud in the plaintiff's pleadings. Therefore, to defeat the plaintiff's motion to remand, the defendants must establish by clear and convincing evidence that, even resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged any possible claim against Wheeling Hospital. The defendants have failed to meet this burden.

The plaintiff asserts that the defendants cannot establish that there is no possibility that the plaintiff would be able to establish a cause of action against Wheeling Hospital for accomplice liability and tortious interference in state court. The parties dispute whether Ohio or West Virginia law applies in this action. However, as discussed below, the result is the same regardless of which state's law applies to this action.

The action of civil aiding and abetting in Ohio derives from the Second Restatement of Torts § 876(b). The Supreme Court of Ohio "has never expressly approved Section 876." Aetna Cas. & Surety Co. v. Leahey Constr. Co., Inc., 219 F.3d 519, 533 (6th Cir. 2000) (quoting Andonian v. A.C. & S., Inc., 647 N.E.2d 190, 191 (Ohio Ct. App. 1994)). However, the Supreme Court of Ohio has applied Section 876(b). Great Cent. Ins. Co. v. Tobias, 524 N.E.2d 168, 172 (Ohio 1988). The Supreme Court of Ohio "implicitly

indicated that it considered civil aiding and abetting a viable cause of action" by applying Section 876(b) to the facts of the case before it. Aetna, 219 F.3d at 533. The United States Court of Appeals for the Sixth Circuit has concluded that "the Supreme Court of Ohio would recognize aiding and abetting liability if squarely faced with the issue." Id.

In order to state a claim for civil aiding and abetting in Ohio, a plaintiff must show: "(1) knowledge that the primary party's conduct is a breach of duty; and (2) substantial assistance or encouragement to the primary party in carrying out the tortious act." Kelley v. Buckley, --- N.E.2d ----, 2011 WL 1047336, *17 (Ohio Ct. App. 2011).

In this case, the plaintiff asserts in his complaint that Wheeling Hospital had knowledge that Belmont Community Hospital discharged the plaintiff from his employment as Medical Director as a result of his objection to and refusal to participate in the allegedly unlawful and fraudulent practices relating to patients of Belmont Community Hospital's Rehabilitation unit. The plaintiff further alleges that Wheeling Hospital substantially encouraged or participated in the tortious conduct of the plaintiff's termination of employment in contravention of substantial public policy. Accordingly, this Court finds that plaintiff has provided facts that allege a cause of action for civil aiding and abetting in Ohio.

In West Virginia, "[f]or harm resulting to a third person from the tortious conduct of another, one is subject to liability if he knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." Syl. pt. 4, Estate of Hough v. Estate of Hough, 519 S.E.2d 640 (W. Va. 1999).

Belmont Community Hospital contends that the plaintiff cannot establish accomplice liability against Wheeling Hospital because there exists no possible underlying tort as a matter of West Virginia law. Belmont Community Hospital states that under West Virginia law, a claim for accomplice liability can be established only when another party has engaged in tortious conduct. It further contends that the Supreme Court of Appeals of West Virginia has repeatedly held that wrongful termination claims may be asserted only by at-will employees, as discussed in Harless v. First Nat. Bank in Fairmont, 246 S.E.2d 270 (W. Va. 1978).

This Court does not agree with Belmont Community Hospital. The West Virginia Supreme Court of Appeals has never expressly limited the holding of Harless to at-will employees. The United States District Court for the Southern District of West Virginia distinguished a Seventh Circuit case in which the Seventh Circuit examined an Illinois law which expressly limited a state tort action to at will employees. Messenger v. Volkswagen of Am. Inc., 585 F. Supp. 565, 570 (S.D. W. Va. 1984). In Messenger, the court

found that Harless and its progeny did not expressly limit the holding to at will employees. Id. The defendants must show that there is no possibility of recovery. Under West Virginia law, the plaintiff has sufficiently pled facts to state a claim for accomplice liability. The defendants have provided this Court with no law that Harless' holding is limited to at-will employees.

This Court, viewing all issues of fact and law in the plaintiff's favor, finds that there is a "glimmer of hope" that defendant Wheeling Hospital is a proper party who may be held liable for accomplice liability. The defendants have not demonstrated by clear and convincing evidence that the plaintiff has alleged no possible claim against Wheeling Hospital for accomplice liability under either West Virginia or Ohio law. Because the plaintiff has alleged a possible claim against Wheeling Hospital for accomplice liability, this Court does not need to address whether the plaintiff has alleged a possible claim against Wheeling Hospital for tortious interference. This Court therefore grants the plaintiff's motion to remand.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand (Document No. 5) is GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. The plaintiff's motion to stay and alternative motion for enlargement of time to file responses to motions to dismiss

pending the determination of plaintiff’s motion to remand (Document No. 10), the defendants’ motion for reconsideration of the Court’s order granting plaintiff’s motion to stay and alternative motion for enlargement of time to file responses to motions to dismiss (Document No. 12), and the defendants’ motion to stay discovery (Document No. 24) are DENIED AS MOOT. In addition, Belmont Community Hospital, Inc.’s motion to dismiss (Document No. 6) and Wheeling Hospital, Inc.’s motion to dismiss (Document No. 8) are DENIED WITHOUT PREJUDICE to being raised in state court if appropriate. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 15, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE